IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON RYAN PATE, #Y38444,<br>PATE FAMILY,<br>GROSS FAMILY,<br>ABINGTON FAMILY,<br>CREIG, and<br>JASHON FAMILY,<br><br>               Plaintiffs,<br><br>v.<br><br>IDOC,<br>WARDEN,<br>PAROLE BOARD, and<br>JOHN/JANE DOE,<br><br>               Defendants. | Case No. 22-cv-00839-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Jason Ryan Pate, an inmate of the Illinois Department of Corrections, filed the instant lawsuit on April 26, 2022. He brings this civil rights action pursuant to 42 U.S.C. 1983, 28 U.S.C. §1331, and the 28 U.S.C. §§ 1346, 2671-2680. Because Pate is incarcerated, this case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**PRELIMINARY DISMISSALS**

In addition to himself, Pate lists as party plaintiffs the Pate Family, the Gross Family, the Abington Family, Creig, and the Jashon Family. However, the Complaint does not identify these individuals or state their standing to bring a claim. Nor did they sign the Complaint as required by Federal Rule of Civil Procedure 11(a): "[e]very pleading, written motion, and other paper must be

signed . . . by a party personally if the party is unrepresented." And based on the sparse allegations in the Complaint, it is unclear how anyone other than Pate could be a proper plaintiff. For these reasons, the Pate Family, the Gross Family, the Abington Family, Creig, and the Jashon Family will be dismissed as parties to this case.

Although Pate designates the Complaint as an action brought pursuant to 28 U.S.C. § 1331 (*Bivens*) and 28 U.S.C. §§ 1346, 2671-2680 (FTCA), the Court notes that he is not suing federal agents, as required for claims brought pursuant to *Bivens*, and he has not named the United States, as required for claims brought pursuant to the FTCA. It appears he is seeking relief seeks relief against state officials for violations of his constitutional rights, for which 42 U.S.C. § 1983 may provide some relief. Accordingly, the *Bivens* and FTCA claims shall be dismissed without prejudice.

## DISCUSSION

To survive preliminary review under Section 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Id.* at 555. And, because Pate brings his claims under Section1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted).

The Complaint is short and difficult to discern. Pate asks for money damages for the loss of "ADA [and] BC/RSC Goodtime which is his 90 days goodtime." (Doc. 1, p. 6). He fails to

allege specific acts of wrongdoing by any individual defendant or facts suggesting personal involvement as required for Section 1983 liability. Thus, he has not stated a viable claim.[1] Accordingly, the Complaint will be dismissed. Pate will be given an opportunity to re-plead his claims in an amended complaint.

**MOTIONS FOR RECRUITMENT OF COUNSEL**

Pate has filed two unsigned motions requesting the Court to recruit counsel on his behalf. (Doc. 2, 9). As discussed above, Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper must be signed…by a party personally if the party is unrepresented. As Pate's motions are not signed, they ***will be stricken if a signed motion is not filed within 14 days.***

**DISPOSITION**

The Pate Family, the Gross Family, the Abington Family, Creig, and the Jashon Family are **DISMISSED without prejudice.** The Clerk of Court is **DIRECTED** to **TERMINATE** these parties.

Pate is **DIRECTED** to file signed motions for recruitment of counsel within 14 days of this Order or the motions will be stricken. (Doc. 2, 9).

The Complaint is **DISMISSED without prejudice** for failure to state a claim for relief. Pate is **GRANTED** leave to file a First Amended Complaint by **February 3, 2023**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Pate file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 22-cv-00839-SPM). Further,

---

[1] Pate has also filed what appears to be supplement to the Complaint, but it does not shed any light on his claims. (*See* Doc. 12).

Pate should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Pate may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). To facilitate compliance with this Order, the Clerk of Court is **DIRECTED** to mail Pate a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading. Pate should attach any exhibits that he wishes to submit with the First Amended Complaint.

If Pate fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. See FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Pate is **ADVISED** that if judgment is rendered against him and the judgment includes the

payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Pate is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 6, 2023**

                                                   *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**